108 F.3d 338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nick A. MOSICH, Plaintiff-Appellant,
v.
MOSICH-VILICICH, a California Corporation; Mauritania, a
fishing vessel, Defendant-Appellees.
 No. 95-56140.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1997.
Decided Feb. 18, 1997.
 
 On Appeal from the United States District Court for the Southern District of California, No. CV-93-01921-MLH; Marilyn L. Huff, District Judge, Presiding.
 S.D.Cal.
 REVERSED.
 Before: SKOPIL, PREGERSON, and REINHARDT, Circuit Judges:
 
 
 1
 MEMORANDUM*
 
 
 2
 This appeal requires us to examine the language of a settlement agreement between the parties reached in another matter. The district court concluded that the parties' agreement should be interpreted as a release of liability in this case. We disagree. The plain language of the agreement supports Mosich's position that he agreed only not to execute any judgment against the defendants personally. We therefore reverse the district court's entry of summary judgment and remand for further proceedings.
 
 
 3
 Settlement agreements are treated under California law as contracts. See United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir.) (applying California law), cert. denied, 506 U.S. 1022 (1992); In re Marriage of Hasso, 280 Cal.Rptr. 919, 922 (Cal.App.), rev. denied (Aug. 15, 1991). In California, the intent of the parties determines the meaning of the contract. Cal.Civ.Code § 1636. The district court concluded that the intent expressed by the parties' agreement was to release the defendants from liability in this personal injury action. The court relied on language in the settlement agreement releasing defendants from any "obligation to make any payment to Nick Mosich or his heirs or assigns" that may arise from the personal injury action.
 
 
 4
 That language, however, is immediately followed by the proviso that the agreement "shall not be deemed a release by Mosich of such personal injury claim." Moreover, any doubt about the parties' intent is clearly resolved by the language of a subsequent release agreement that provides that Mosich's "personal injury claims ... are not waived or released." Had the parties agreed that Mosich would abandon his claims or waive his right to proceed in his personal injury action, neither the settlement agreement nor the release would have expressly preserved his right and his claims.
 
 
 5
 We conclude that the language of both the settlement and release evidence the parties' clear intent to allow Mosich to pursue his personal injury claim. Both preserve Mosich's claim but restrict his ability to enforce any resulting judgment against the defendants personally. Mosich has in effect agreed to a covenant not to execute against the insured. This interpretation of the parties' intent is consistent with state law that allows a party who obtains a judgment against an insured to sue the insurer directly rather than collect from the insured. See Cal.Ins.Code § 11580(b)(2).
 
 
 6
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3